UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA BIRTCHMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number: 1:14-cv-713 |
| | ) |
| LVNV FUNDING, LLC, and | ) |
| RESURGENT CAPITAL SERVICES LP, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff brings this action against Defendants to enforce his rights under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). The Plaintiff is a consumer and the Defendants are debt collectors. While acting as debt collectors, Defendants attempted to collect a consumer debt from Plaintiff. In so doing, Defendants violated the FDCPA by taking actions that cannot be legally taken in connection with the collection of a debt, see 15 U.S.C. § 1692e(5). Plaintiff seeks actual, statutory, and punitive damages from Defendant, along with an appropriate award of costs, litigation expenses, and attorneys' fees.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper under 28 U.S.C. § 1391, as Defendant conducts business in this District and the conduct complained of occurred here.

## PARTIES

4. Plaintiff, Joshua Birtchman ("Birtchman") is a citizen of the State of Indiana, who resides in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt by filing a time-barred proof of claim in his bankruptcy matter.

5. Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3).

6. Defendant LVNV Funding, LLC (hereinafter referred to as "LVNV") is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect or attempt to collect, delinquent consumer debts. LVNV operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, LVNV was acting as a debt collector via its agent, Resurgent, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon via collection letters, telephone calls, credit reporting, lawsuits and proofs of claims.

8. LVNV is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached hereto as Exhibit "A". LVNV does in fact conduct business in the State of Indiana.

9. Defendant Resurgent Capital Services LP (hereinafter referred to as "Resurgent") is a Delaware limited partnership, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Resurgent attempts to collect debts from consumers, including

consumers in the State of Indiana.  In fact, Resurgent was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

10. Resurgent is authorized to conduct business in Indiana, and maintains a registered agent here, <u>see</u>, record from the Indiana Secretary of State, attached hereto as Exhibit "B".  In fact, Resurgent conducts business in Indiana.

### FACTUAL ALLEGATIONS

11. During 2012 and early 2013, due to financial difficulties, Birtchman was forced to stop paying some of his unsecured debts, including one he allegedly owed to LVNV.

12. Due to other financial difficulties, on June 18, 2013, Birtchman filed a Chapter 13 bankruptcy petition in a matter styled In re: Birtchman, S.D. Ind. Bankruptcy No. 13-06502-JMC-13.

13. Although the statute of limitations in the State of Indiana for collecting delinquent credit card debts, pursuant to Indiana Code § 34-11-2 is six (6) years from the date of last activity, on October 17, 2013, LVNV, via its agent Resurgent, filed a proof of claim (Claim No. 7) in the amount of $2,527.63 against Birtchman in his bankruptcy.  The claim admitted that the last activity on the account occurred during 1998.  A copy of LVNV's Proof of Claim is attached hereto as Exhibit "C".

14. Accordingly, Birtchman's bankruptcy counsel was forced to object to the time-barred proof of claim via a written objection, which was filed on October 23, 2013.  A copy of Birtchman's Objection to LVNV's Proof of Claim is attached hereto as Exhibit "D".

15. On November 26, 2013, the Bankruptcy Court sustained the objection and disallowed LVNV's time-barred proof of claim. A copy of the Court's Order is attached hereto as Exhibit "E".

16. All of Defendants' collection actions at issue in this matter occurred within one year of the date of this Complaint.

17. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## VIOLATION OF § 1692e(5) OF THE FDCPA – TAKING AN ACTION THAT COULD NOT BE LEGALLY TAKEN

18. Section 1692e(5) of the FDCPA prohibits debt collectors from taking actions that cannot legally be taken in connection with the collection of a debt. see 15 U.S.C. § 1692e(5).

19. Attempts by debt collectors to collect time-barred debts have been widely held to violate § 1692e of the FDCPA. See, McCollough v. Johnson, Rodenburge & Lauinger, LLC, 637 F.3d 939, 947-48 (9th Cir. 2011). Herkert v. MRC Receivables Corp., 655 F. Supp 2d 870, 875-76 (N.D. Ill 2009); Ramirez v. Palisades Collection LLC, 2008 U.S. Dist. Lexis 48722, 15-16 (N.D. Ill 2008); Kimber v. Federal Financial Corporation, 668 F. Supp. 1480, 1487 (M.D. Al. 1987).

20. By filing a bankruptcy proof of claim for a debt that was clearly time-barred under Indiana Law, Defendants Resurgent and LVNV took actions that they could not legally take and, thus, violated § 1692e(5) of the FDCPA.

21. Defendants' violations of §1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Joshua Birtchman respectfully requests that the Court find that the Defendants violated the FDCPA and enter judgment against Defendants Resurgent Capital Services LP and LVNV Funding, LLC for actual damages, statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k and all other just and proper relief

Respectfully submitted,

/s/ Thomas G. Bradburn
Thomas G. Bradburn
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiffs respectfully request trial by jury.

Respectfully submitted,

/s/ Thomas G. Bradburn
Thomas G. Bradburn

Thomas G. Bradburn, #15377-49
Bradburn Law Firm
92 S. 9th St.
Noblesville, Indiana 46060
Telephone (317) 475-0826
Fax (317) 475-0825
Email: tbradburn@bradburnlaw.com