UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Joshua Birtchman, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:14-cv-713-JMS-TAB |
| | ) |
| LVNV Funding, LLC, and | ) |
| Resurgent Capital Services, LP, | ) |
| | ) |
| Defendants. | ) |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Plaintiff, Joshua Birtchman, by counsel, hereby respectfully submits his Response to Defendants' Motion to Dismiss, and in support thereof, states as follows:

## INTRODUCTION

The Seventh Circuit Court of Appeals, citing with approval Kimber v. Federal Financial Corporation, 668 F.Supp. 1480 (M.D. Ala. 1987), recently noted that courts have long held that using the court system to collect debts which have expired due to the statute of limitations is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Phillips v. Asset Acceptance, LLC, 736 F.3d 1076, 1079 (7th Cir. 2013) The Seventh Circuit Court of Appeals has also held that a Plaintiff may bring an FDCPA Claim for false statements made in the bankrupt context, even if there are remedies under the Bankruptcy Code. Randolph v. IMBS, Inc., 368 F.3d 726 (7th Cir. 2004). Taking a cue from the Seventh Circuit Court of Appeals, the Eleventh Circuit Court of Appeals recently held, in a case nearly identical to the present case, that LVNV Funding, LLC violated the FDCPA by filing a stale claim in bankruptcy court. Crawford v. LVNV Funding, LLC, No. 13-12389, 2014 WL 3361226 (11th Cir. July 10, 2014).

Despite those decisions, Defendants Resurgent Capital Services, LP (Resurgent) and LVNV Funding, LLC (LVNV) sought to use the federal bankruptcy courts to collect upon debts which were past the statute of limitations by filing a time-barred proof of claim in plaintiff Birtchman's Chapter 13 bankruptcy.

Defendants now seek dismissal of Plaintiff's FDCPA claim on the theories that the Plaintiff lacks standing to bring the FDCPA claims and that the filing of a proof of claim in a bankruptcy cannot form the basis of a claim under the FDCPA.  Defendants argue, among other points, that the Plaintiff has suffered no damage and therefore has no standing, that filing a proof of claim is not an attempt to collect a debt and the Bankruptcy Code alone provides sufficient protection for the Plaintiff.

Defendants' arguments ignore the binding case law in this Circuit, failing to adequately address either Randolph v. IMBS, Inc., 368 F.3d 726 (7th Cir. 2004) – holding that a Plaintiff may bring an FDCPA Claim for false statements made in the bankrupt context, even if there are remedies under the Bankruptcy Code – or Phillips or McMahon v. LVNV Funding, LLC, et al., 744 F.3d 1010 (7th Cir. 2014) – both holding that attempts to collect time-barred debts violate the FDCPA. Defendants also fail to adequately address the holding in Crawford that clearly found the filing of a time-barred proof of claim to be a violation of the FDCPA.   Finally, and perhaps most importantly, Defendants fail to address the growing number of decisions in this district that have found the FDCPA does apply to time-barred proofs of claim.  Judge Lawrence in Smith v. Asset Acceptance, LLC, Case No. 1:13-cv-255-WTL-DML (S.D.Ind. 2013) (attached hereto as Exhibit "A"), held that a Plaintiff who alleges that a debt collector has violated the FDCPA by filing a proof of claim on a time-barred debt states a claim under the FDCPA. Chief Judge Young, in Patrick v. PYOD, LLC, et al., Case No. 1:14-cv-00539-RLY-TAB (S.D. Ind. 2014)

and Grandidier v. Quantum3 Group, LLC, et al., Case No. 1:14-cv-00138-RLY-TAB (attached hereto as Exhibits "B" and "C") found that the FDCPA can apply to time-barred proofs of claim. It should be noted that in the Patrick and Grandidier decisions, Chief Judge Young found the Crawford decision to be "particularly persuasive."

Given the decisions cited and the growing wave of decisions finding that the filing of a time-barred proof of claim is subject to the FDCPA, dismissal of Mr. Birtchman's Complaint is not warranted.

## PROCEDURAL BACKGROUND

Plaintiff filed this action on May 8, 2014. On February 23, 2015, the Defendants filed a Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. Pro. 12(b)(6) and a Brief in Support of that Motion. The Plaintiff's Response is due March 9, 2015.

## FACTUAL BACKGROUND

Due to financial difficulties in 2012 and early 2013, Mr. Birtchman was forced to stop paying some of his debts, which included an alleged unsecured debt he owed to Defendant LVNV. Eventually, Mr. Birtchman filed a Chapter 13 bankruptcy petition in a matter styled In re: Birtchman, S.D. Ind. Bankruptcy No.13-06502-JMC-13. The statute of limitations in the State of Indiana for collecting delinquent credit card debts is six years from the date of the last activity, see, Indiana Code § 34-11-2; see also, Smither v Asset Acceptance, LLC, 919 N.E.2d 1153, 1158 (Ind Ct. App. 2010). Although the statute of limitations in the State of Indiana for collecting delinquent credit card debts, pursuant to Indiana Code § 34-11-2 is six (6) years from the date of last activity, on October 17, 2013, LVNV, via its agent Resurgent, filed a proof of claim (Claim No.7) in the amount of $2,527.63 against Birtchman in his bankruptcy. The claim admitted that the last activity on the account occurred during 1998. Mr. Birtchman's bankruptcy counsel was

3

forced to object to this time-barred proof of claim via written objection which was filed on October 23, 2013. The Bankruptcy Court sustained the objection and disallowed Defendants' time-barred proof of claim on November 26, 2013.

Plaintiff's Complaint, filed on May 8, 2014, claims that by filing a bankruptcy proof of claim for a debt which was plainly time-barred under Indiana law, Defendants Resurgent and LVNV took actions that they could not legally take and, thus, violated § 1692e(5) of the FDCPA.

Defendants now seek dismissal, pursuant to Fed.R.Civ.P. Rule 12(b)(6), arguing the following:  that the Plaintiff lacks standing to bring this action; that filing a proof of claim in bankruptcy court is different than filing a complaint in state court; that filing a proof of claim in bankruptcy is not misleading to competent counsel; that filing a proof of claim is not an attempt to collect a debt; that subjecting the filing of proofs of claim to the FDCPA undermines the primacy of Bankruptcy Court Jurisdiction; that the Bankruptcy Code is the Plaintiff's proper remedy; and that the Debt remained valid even if LVNV could not sue on it.  Defendants are wrong, and the basis for their position is not, according to the holdings of Randolph, Phillips, McMahon, Smith, and Patrick good law in this Circuit and District.  Moreover, as Chief Judge Young found in Patrick , the Crawford decision is particularly persuasive and the filing of a time-barred proof of claim clearly violates the FDCPA.  As a result, Defendants' motion must be denied.

## ARGUMENT

### 1. Standard For Dismissal Under Fed. R. Civ. Pro. 12(b)(6).

A motion to dismiss a complaint under Fed. R. Civ. Pro. 12(b)(6) tests the legal sufficiency of the complaint rather than the merits of the case. Christensen v. County of Boone, 483 F.3d 454, 458 (7th Cir. 2007). See Wright, Miller and Kane, Federal Practice and Procedure:

4

Civil 2d, § 2713 (West 1998); Gibson v City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In determining a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6), the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in plaintiff's favor. Dismissal of the Complaint is proper only if there is no legal theory upon which plaintiff could recover. Village of Rosemont v. Jaffe, 482 F.3d 926, 936 (7th Cir. 2007); see, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). To survive a motion to dismiss, a complaint must contain sufficient facts to state a facially plausible claim to relief. Ashcroft v. Igbal, 129 S.Ct. 1937, 1949 (2009).

The Seventh Circuit has emphasized that even though Twombly "retooled federal pleading standards" and "retired the oft-quoted *Conley* formulation", notice pleading is still all that is required, see, Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008). To provide a defendant with "fair notice of what the claim is and the grounds upon which it rests," a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," see, Fed.R.Civ.P. Rule 8(A)(2). The allegations of the Complaint must also plausibly suggest that the plaintiff has a right to relief and raise that possibility above the "speculative level", see, Twombly, 550 U.S. at 555.

Section 1692e(5) of the FDCPA prohibits debt collectors from taking any action that cannot legally be taken in connection with the collection of a debt, see, 15 U.S.C. § 1692e(5). Defendants filed a time-barred proof of claim in Plaintiff's 2013 Chapter 13 bankruptcy, in an attempt to collect a debt, despite the fact the Defendants' own records showed that the last activity on the account occurred in 2006. Thus, Defendants clearly took actions they could not legally take, and attempted to use the court system to collect on a debt which was long past the applicable statute of limitations, in violation of § 1692e of the FDCPA.

In <u>Smith</u>, <u>Patrick</u> and <u>Grandidier</u>, all cases raising claims identical to the FDCPA claims at issue here, the courts rejected the same arguments Defendants raise here, finding that the plaintiffs in those matters had stated claims upon which relief may be granted and motions to dismiss were denied.

### 2. Plaintiff Has Standing To Bring This Action

Standing is the key component in any federal court case. The plaintiff must have standing in order to bring a claim in federal court. The U.S. Supreme Court has noted that the minimum requirements of standing include proof that the Plaintiff has suffered an injury-in-fact resulting from some unlawful conduct. <u>See</u>, <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555 (1992). In terms of an FDCPA case, if the Plaintiff has suffered an injury-in-fact as a result of the alleged FDCPA violation, then that Plaintiff has standing to sue.

A consumer possesses a right of action against a debt collector even when the debt collector's conduct has not caused the consumer to suffer any pecuniary or emotional harm. <u>See</u>, <u>Phillips</u>. In a serious blow to the Defendants' arguments that the Plaintiff lacks standing in this matter and that a proof of claim is not misleading to a competent attorney, the Ninth Circuit Court of Appeals recently found that an FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representations. Rather, liability depends on whether the hypothetical least sophisticated consumer would have been misled. <u>See</u>, <u>Tourgeman v. Collins Financial Services USA, Inc.</u>,755 F.3d 1109 (9th Cir. 2014) In <u>Tourgeman</u>, the Ninth Circuit Court of Appeals found that the Plaintiff had standing to sue under the FDCPA, even though he never received an actual collection letter. It is the violation or invasion of a statutory right that gives the FDCPA Plaintiff standing to sue.

6

### 3. Collection Of Time-Barred Debts Violates The FDCPA

Defendants wrongly attempted to use the bankruptcy court system to collect a clearly time-barred debt from Mr. Birtchman. For years, the district courts have told debt collectors that using the court system to attempt to collect on time-barred debts is illegal and a violation of the FDCPA.[1] The wisdom of these lower court decisions was affirmed in 2011 when the Ninth Circuit, with Justice Sandra Day O'Connor sitting by designation on the panel, issued its decision in McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939 947-48 (9th Cir. 2011). McCollough, found that a debt collector's attempt to collect a time-barred debt unequivocally violated the FDCPA.[2] The Seventh Circuit likewise recently explicitly stated that a lawsuit filed to collect a debt after the statue of limitations has run violates the FDCPA, see, Phillips 736 F.3d at 1079.

Indeed, in McMahon, the Seventh Circuit held that a collection letter sent to collect on a time-barred debt could, in fact, mislead an unsophisticated consumer about the character, amount or legal status of debt, and be the basis of a violation of § 1692e(5) of the FDCPA, regardless of whether litigation was threatened. See, McMahon, 744 F.3d at 1020-1021.

One of the first decisions to consider this issue was Kimber v. Federal Financial Corp., 668 F.Supp.1480 (M.D. Alabama, 1987). In a careful and well-reasoned opinion, the court in Kimber explained the rationale for finding that filing a lawsuit on a time-barred debt was a per se violation of the FDCPA:

---

[1] See also, Fed. Trade Comm'n, *Repairing a Broken System: Protecting Consumers in Debt Collection Litigation and Arbitration* (2010) at pp. 22-31, available at http://ftc.gov/os/2010/07debtbuyingreport.pdf ("Nearly all courts that have examined the propriety of suing or threatening to sue to collect on a debt that is older than the applicable statute of limitations (also known as 'time-barred debt') have concluded that such practices violate the FDCPA.")

[2] Similarly, in Gonzales v. Arrow Financial Services, 660 F.3d 1055 (9th Cir. 2011), the Ninth Circuit found that threatening to make a credit report of a delinquent debt which was past the time for credit reporting violated the FDCPA.

> As previously demonstrated, time-barred lawsuits are, absent tolling, unjust and unfair as a matter of public policy, and this is no less true in the consumer context. As with any defendant sued on a stale claim, the passage of time not only dulls the consumer's memory of the circumstances and validity of the debt, but heightens the probability that he will no longer have personal records detailing the status of the debt. Indeed, the unfairness of such conduct is particularly clear in the consumer context where courts have imposed a heightened standard of care…

Kimber, 668 F.Supp. at 1487-1488.

The District Courts within this Circuit have long relied on the reasoning in Kimber in holding that using the court system to collect on time-barred debts is a violation of the FDCPA, culminating in the Seventh Circuit's decision in Phillips, which adopted the reasoning in Kimber in holding that a lawsuit on a time-barred debt violated the FDCPA, see, Phillips, 735 F.3d at 1079. Following that reasoning, the Crawford court found that filing a proof of claim on a time-barred debt is a violation of the FDCPA.

    4. **Filing A Proof Of Claim In A Bankruptcy Is An Attempt To Collect A Debt.**

Defendants argue that filing a proof of claim in a consumer's bankruptcy is not an attempt to collect a debt. Citing In Re McMillen, 440 B.R. 907 (Bankr. N.D. Ga 2010), the defendants argue that a proof of claim is a request to participate in the distribution of the bankruptcy estate under court control and not an attempt to collect a debt. First and foremost, in light of the Crawford decision, the McMillen decision is no longer good law. Ignoring that point for the moment, one must ask, is not the filing of a proof of claim in a bankruptcy case an attempt to collect money from the debtor? The plain and simple answer to that question is yes. The U.S. Supreme Court has stated that when a creditor "files a proof of claim … it is using a traditional method of collecting a debt." Gardner v. State of New Jersey, 329 U.S. 565, 573 (1947).

8

Defendants are in the business of buying defaulted consumer debt for pennies on the dollar[3], and then attempting to collect that debt from consumers by whatever means possible – be it sending collection letters, filing lawsuits, making credit reports, or filing proofs of claim in bankruptcies. Filing proofs of claim in consumers' bankruptcies is one of Defendants' revenue streams, just the same as sending a letter seeking payment of a time-barred debt – which the Seventh Circuit found could violate the FDCPA in McMahon, see, McMahon, 744 F.3d at 1020-1021.

The simple fact is that debt buyers, such as Defendants, are filing time-barred proofs of claim to collect money and to realize a return on the investments they make in portfolios of defaulted consumer debt. There is only one purpose in their practice of filing time-barred proofs of claim in consumers' bankruptcies: to collect debts. Defendants are seeking to collect money from a consumer's assets on a time-barred debt, using the power of the court system – an action that multiple courts have found violates the FDCPA, see e.g., Phillips, 7376 F.3d at 1079, McCollough, 637 F.3d at 947-48; Kimber, 668 F.Supp. at 1487-1488.

Indeed, filing a time-barred proof of claim in a consumer's bankruptcy is no different than filing a time-barred lawsuit, despite Defendants' attempts to argue to the contrary. Both actions have the same purpose: trying to get money from the debtor; and, absent a successful objection, both have the same result: getting money from the debtor. In filing a lawsuit in civil

---

[3]According to a recent FTC study of the debt-buying industry, the average price paid for delinquent debts by debt buyers is four (4) cents on the dollar, see, Fed. Trade Comm'n, *The Structure and Practices of the Debt Buying Industry* (2013), available at http://ftc.gov/os/2013/01/debtbuyingreport.pdf; see also, McMahon, 744 F.3d at 1022
("…we know from the FTC that such buyers pay different amounts for debts depending on the age of the debt and the number of previous attempts to collect it, in which case whether the debt is time-barred should be known. [citation omitted]. The FTC's study found that 'debt buyers paid on average 3.1 cents per dollar of debt for debts tat were 3 to 6 years old and 2.2 cents per dollar of debt for debts that were 6 to 15 years old compared to 7.9 cents per dollar for debts less than 3 years old.

court or in filing a proof of claim in the bankruptcy court, debt collectors, such as Defendants, seek to use the court system to compel consumers, such as Mr. Birtchman, to pay them on a time-barred debt. In filing a lawsuit in civil court or in filing a proof of claim in a bankruptcy, a time-barred claim will proceed unless the consumer is able to make a successful objection.

Defendants also argue that the filing of a proof of claim cannot be debt collection because it would violate the automatic stay provisions of 11 U.S.C. §362. That view is incorrect. The automatic stay only prevents acts to collect debt outside of the bankruptcy proceeding. See, Central States, Southeast and Southwest Areas Pension Fund v. Basic American Industries, Inc., 252 F.3d 911, 918 (7th Cir. 2001): "although 'demanding' payment from a debtor in bankruptcy other than in the bankruptcy proceeding itself is normally a violation of the automatic stay". Stated another way, the automatic stay does not apply to proceedings in the bankruptcy court having jurisdiction over the debtor. See, In Re Sammon, 253 B.R. 672 (Bankr. D.S.C. 2000). As a result, filing a proof of claim cannot be a violation of the automatic stay. However, it certainly is an attempt to collect a debt from the debtor.

11 U.S.C. § 501 allows creditors to file a proof of claim. In Smith, Judge Lawrence touched upon this subject:

> As an initial matter, under the Bankruptcy Code, a creditor is permitted –
> But not required – to file a proof of claim. *11 U.S.C. §501(a)* ("A creditor…
> May file a proof of claim."). Furthermore, and assuming that a time-
> barred claim is a "claim" that *may* be filed in the claims allowance process
> within the meaning of the Bankruptcy Code, *11 U.S.C. §101(5)*, it is not
> clear that doing so would not *violate Federal Rule of Bankruptcy
> Procedure 9011, the bankruptcy equivalent of Federal Rule of Civil
> Procedure 11. Cf. Steinle v. Warren, 765 F.2d 95 (7th Cir. 1985)*
> (assessing Rule 11 sanctions against attorney who filed suit on claims that
> he admittedly knew were time-barred).

Smith, see, Exhibit "A". Much like there is nothing in any code of civil procedure requiring debt collectors to file time-barred lawsuits, there is nothing in the Bankruptcy Code that requires debt

10

collectors to file proofs of claim on time-barred debts. It should also be pointed out that nothing in the Bankruptcy Code allows a creditor to file a claim on a time-barred debt.

According to the Defendants' position, the filing of a proof of claim is substantially different than a complaint filed in state court.  Defendants argue that the proof of claim is directed at the bankruptcy estate and not the debtor.  That argument leads to another simple question:  Where does the money come from?   It comes from the debtor.  The funds used to pay the plan in a Chapter 13 bankruptcy come from the debtor. In addition, in order to be a debt collector, one need not collect directly from the debtor, but merely a debt that is owed to them. 15 U.S.C. §1692(a) defines debt collector as "any person who … regularly collects or attempts to collect, directly or indirectly, debts owed …"

Moreover, filing a time-barred proof of claim in a consumer's bankruptcy is clearly improper – not only to the consumer, who may have to pay more or for a longer period of time to complete his Chapter 13 plan, but to other creditors as well, who may receive a lesser amount of their timely claims, when a time-barred claim is paid. One of the stated purposes of the FDCPA – besides eliminating abusive debt collection practices – is to insure that debt collectors who refrain from using abusive practices are not competitively disadvantaged, see, 15 U.S.C. §1692(e). Section 1692e of the FDCPA prohibits any false, deceptive, or misleading means to collect a debt, whether made to the consumer or to others. Once again, the Defendants are using the federal bankruptcy courts to collect money from consumers on time-barred debts.

Defendants point to decisions from other jurisdictions holding that the FDCPA does not apply to the filing of a proof of claim.  However, many of those decisions are based on the concept that the Bankruptcy Code somehow preempts or implicitly repeals the FDCPA.  That concept has been flatly rejected in the Seventh Circuit. In Randolph, the Seventh Circuit noted

11

that the "district court wrote that § 362(h) "preempts" § 1692e(2)(a), but this cannot be right. One federal statute does not preempt another." Id. at 730.

### 5. The FDCPA And The Bankruptcy Code Can Be Enforced Simultaneously.

Defendants also argue that if filing a proof of claim is considered a debt collection activity, then the Bankruptcy Code and FDCPA would overlap thereby creating confusion and conflicts. As was noted in the Randolph decision, a creditor can comply with both statutes.

In Randolph, the defendant debt collector sent the plaintiff a dunning letter after the plaintiff had filed bankruptcy. Plaintiff filed suit alleging violations of the FDCPA, which the defendant sought to dismiss, arguing that such claims were precluded by the Bankruptcy Code. Randolph, 368 F.3d at 729. The Seventh Circuit held:

> The Bankruptcy Code of 1986 does not work an implied repeal of the FDCPA, any more than the latter Act implicitly repeals itself. … They are simply different rules with different requirements of proof and different remedies. … To say that only the Code applies is to eliminate all control of negligent falsehoods. Permitting remedies for negligent falsehoods would not contradict any portion of the Bankruptcy Code, which therefore cannot be deemed to have repealed or curtailed §1692e(2)(A) by implication.

Randolph, 368 F.3d at 732-733; see also, Smith, 2013 U.S.Dist.LEXIS 187540 at [*3].

The Randolph court noted that the differing scienter requirements of the FDCPA and the Bankruptcy Code allow the two statutes to coexist and, as such, debt collectors can be held liable under the FDCPA for false claims made to a consumer who is involved in a bankruptcy. Ibid. The Randolph court put it most succinctly when it stated: "Debt collectors may not make false claims, period." Randolph, 368 F.3d at 729. There is simply no reason why an attempt to use the legal process of the bankruptcy court system should somehow preclude a claim under the FDCPA, simply because a debtor in a bankruptcy may also object to a debt collector's improper actions in the bankruptcy court.

If a consumer wishes to challenge the validity of the debt, they have to pay their bankruptcy counsel to do so. The whole process is not without cost to the consumer. In contrast, a consumer who brings an FDCPA claim can recover not only damages, but payment of his attorney's fees and costs.

Deterring creditors, especially debt buyers, who purchased the debt for pennies on the dollar, from filing bogus proofs of claim in consumer bankruptcies on time-barred debts should, in fact, be encouraged by any means appropriate, whether it be the Bankruptcy Code, or the FDCPA. Tying up the bankruptcy courts with bogus proofs of claim and forcing consumers to file objections on the basis of the statute of limitations is not a good use of anybody's time, particularly the courts'. As Judge Lawrence noted in Smith, relying on Randolph:

> …these statutes overlap, and '[o]verlapping statutes do not repeal one another by implication; as long as people can comply with both, then courts can enforce both.'"

Smith, 2013 U.S.Dist.LEXIS 187540 at [*3], citing Randolph, 368 F.3d at 731.

In Randolph, the Court held that a debt collector's false statements are presumptively wrong, even if the statements are not willful, unless the collector exercises due care in order to avoid making such false statements, see, Randolph, 368 F.3d at 728. Randolph also held that a debtor who has filed bankruptcy has a remedy against the debt collector who makes such a false statement under the FDCPA because the FDCPA is not superseded by the Bankruptcy Code, see, Randolph, 368 F.3d at 733. The holding in Randolph is applicable to any falsehood, including the falsehoods Defendants told here by filing time-barred proofs of claim: that money is still owed on the time-barred debt, that the debt is still collectible and should be paid out of the consumer's funds, as administered by the bankruptcy court.

The proof of claim filed in Mr. Birtchman's bankruptcy is false because it was clearly time-barred under Indiana's six-year statute of limitations. Defendants could easily comply with both the Bankruptcy Code and FDCPA by not filing false proofs of claim in consumer bankruptcies on debts that they know are clearly past the statute of limitations. As the Seventh Circuit stated in Randolph, in regards to the application of the Bankruptcy Code and the FDCPA, "…as long as people can comply with both then courts can enforce both." Randolph, 368 F.3d at 731.

## CONCLUSION

Defendants sought to use the bankruptcy court to attempt to collect on a debt which was beyond the statute of limitations. As such, they have made false, deceptive, or misleading statements in violation of §1692e of the FDCPA. Plaintiff has stated a claim for relief under the FDCPA, and under Randolph, Phillips, McMahon, Smith, and Crawford those claims are actionable. Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) should be denied.

Respectfully submitted,

/s/ Thomas G. Bradburn
Thomas G. Bradburn
Attorney for Plaintiff


Thomas G. Bradburn (15377-49)
Bradburn Law Firm
92 S. 9th Street
Noblesville, Indiana 46060
Telephone (317) 475-0826
Fax (317) 475-0825
Email: tbradburn@bradburnlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon the following via electronic filing the 6th day of March, 2015:

Jennifer Kalas
Hinshaw & Culbertson LLP
322 Indianapolis Blvd., Suite 201
Schererville, IN  46375


/s/ Thomas G. Bradburn
Thomas G. Bradburn