UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA BIRTCHMAN,  *Plaintiff*, | ) ) ) |
| *vs.* | ) )   No. 1:14-cv-00713-JMS-TAB ) |
| LVNV FUNDING, LLC, AND RESURGENT CAPITAL SERVICES, LP,  *Defendants*. | ) ) ) ) |

# ORDER

Plaintiff Joshua Birtchman brings this suit under the Fair Debt Collections Practices Act ("FDCPA") against Defendants LVNV Funding, LLC and Resurgent Capital Services, LP (collectively, "LVNV").[1]  Mr. Birtchman filed for Chapter 13 bankruptcy, and LVNV filed a proof of claim in his Chapter 13 proceeding regarding a time-barred debt—that is, a debt for which the statute of limitations for collection had run.  Mr. Birtchman then filed this suit, alleging that LVNV violated the FDCPA by filing its proof of claim.  Presently pending before the Court is LVNV's Motion to Dismiss Mr. Birtchman's FDCPA claim.  [Filing No. 16.]  For the reasons that follow, the Court **GRANTS** LVNV's Motion to Dismiss.[2]

---

[1] Defendant Resurgent Capital Services, LLC serves as an agent for LVNV Funding, LLC.  [Filing No. 1 at 2-3.]  The Court therefore refers to the Defendants collectively as LVNV.

[2] On this date the Court is issuing another opinion granting a motion to dismiss filed by LVNV in another case raising the same issue presented here.  *See Owens v. LVNV Funding, LLC*, No. 1:14-cv-02083-JMS-TAB.  Because LVNV's motions and supporting briefs in this case and *Owens* are essentially identical, and the Plaintiff in each case primarily relies on the same authorities in support of his position, substantial portions of the Court's two opinions are identical.

- 1 -

# I.
### STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

# II.
### BACKGROUND

The following background facts are drawn from the allegations in Mr. Birtchman's Complaint and information found on the docket of Mr. Birtchman's bankruptcy case.[3]

---

[3] In deciding a motion to dismiss, the Court can take "judicial notice of matters within the public record . . . without converting [it] into a motion for summary judgment." *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 493 (7th Cir. 2011).

On June 18, 2013, Mr. Birtchman filed a Chapter 13[4] bankruptcy petition in the Bankruptcy Court for the Southern District of Indiana. [*See* Filing No. 1 at 3; *In re Birtchman*, No. 13-06502-JMC-7.] On October 17, 2013, LVNV filed a proof of claim with the Bankruptcy Court in the amount of $2,527.63. [Filing No. 1 at 3; *In re Birtchman*, No. 13-06502-JMC-7, Claim 7-1.] On the proof of claim, LVNV stated, among other things, that the debt was charged off by the original creditor on June 15, 1998. [Filing No. 1 at 3; *In re Birtchman*, No. 13-06502-JMC-7, Claim 7-1 at 4.] The statute of limitations in Indiana for collecting delinquent debts is six years. *See* Ind. Code § 34-11-2-9.

Mr. Birtchman was represented by counsel during his bankruptcy proceeding. [*In re Birtchman*, No. 14-05792-JMC-1, Dkt. 1 at 2.] On October 23, 2013, Mr. Birtchman objected to LVNV's proof of claim on the ground that Indiana's statute of limitations precludes enforcement of that debt obligation. [Filing No. 1 at 3; *In re Birtchman*, No. 13-06502-JMC-7, Dkt. 24 at 1.] The Bankruptcy Court sustained Mr. Birtchman's objection on November 26, 2013. [Filing No. 1 at 4; *In re Birtchman*, No. 14-05792-JMC-1, Dkt. 25 at 1.]

### III.
### DISCUSSION

The question presented by the parties in this Motion to Dismiss is one that this Court and federal courts across the country have recently addressed: can filing a proof of claim for a time-barred debt in a bankruptcy proceeding violate the FDCPA? The Seventh Circuit has not decided this question, but several district courts in the Seventh Circuit have reached different conclusions.

---

[4] On March 5, 2014, Mr. Birtchman converted his bankruptcy case to Chapter 7. [*See In re Birtchman*, No. 13-06502-JMC-7, Dkt. 31.] Because this does not affect the Court's analysis of his FDCPA claim, and because LVNV filed its proof of claim and Mr. Birtchman objected to that claim while the proceeding was still a Chapter 13 proceeding, the Court will refer to Mr. Birtchman's bankruptcy case as a Chapter 13 proceeding.

Given Mr. Birtchman's allegations and the arguments presented by the parties, the Court concludes that LVNV's filing of its proof of claim did not violate the FDCPA. Therefore, LVNV's Motion to Dismiss must be granted.

At the outset, the Court recognizes that it denied a motion to dismiss in a similar case: *Elliott v. Cavalry Investments, LLC*, 2015 WL 133745 (S.D. Ind. 2015). In that case, however, the Court explicitly noted that it was not concluding that such a motion to dismiss could never be granted, but rather that the defendants' motion "failed to raise or adequately address several issues which may impact the disposition of the case." *Id.* at *2. LVNV, in this case, has adequately presented those arguments to the Court, and they warrant the dismissal of Mr. Birtchman's FDCPA claim.

LVNV presents two general arguments as to why Mr. Birtchman's FDCPA claim should be dismissed. First, LVNV argues that Mr. Birtchman lacks standing to pursue an FDCPA claim. [Filing No. 17 at 3.] Second, LVNV maintains that Mr. Birtchman's allegations fail to establish an FDCPA violation. [Filing No. 17 at 5.] The Court addresses each contention in turn.

### A. Mr. Birtchman Has Standing to Bring an FDCPA Claim Against LVNV

LVNV argues that Mr. Birtchman cannot establish the injury in fact necessary to have standing because, even if its proof of claim is accepted by the Bankruptcy Court, the amount Mr. Birtchman owes per month would not change, and thus the proof of claim will not injure him in any way. [Filing No. 17 at 4.] Mr. Birtchman responds that a consumer has standing to bring an FDCPA claim even if the debt collector's conduct "has not caused the consumer to suffer any pecuniary or emotional harm." [Filing No. 18 at 12.] LVNV reiterates its argument regarding injury in fact in reply. [Filing No. 19 at 8.]

Mr. Birtchman must establish that he has standing to bring an FDCPA claim against LVNV, which requires him to show: "(1) an injury in fact, (2) an injury that is fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court, and (3) an injury that is likely . . . [to] be redressed by a favorable decision." *Johnson v. Merrill Lynch, Piece, Fenner & Smith, Inc.*, 719 F.3d 601, 606 (7th Cir. 2013) (citation and quotation marks omitted). "Absent different indications from statutory text, only a person within a statutory provision's 'zone of interest' has standing to sue under it." *Todd v. Collecto, Inc.*, 731 F.3d 734, 736 (7th Cir. 2013).

LVNV is incorrect that Mr. Birtchman cannot establish injury in fact. First, contrary to LVNV's position, it is clear that plaintiffs can pursue an FDCPA claim even if they suffer no actual injury as a result of the alleged statutory violation. *See* 15 U.S.C. § 1692k(a)(2)(A); *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1083 (7th Cir. 2013) ("Proof of injury is not required when the only damages sought are statutory."). Second, Mr. Birtchman alleges that LVNV's allegedly misleading proof of claim was an action directed at him that it was not legally permitted to take under § 1692e of the FDCPA. [Filing No. 1 at 4.] Because the FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, and Mr. Birtchman has alleged that LVNV did so with respect to him, he falls within the "zone of interest" of the FDCPA subsection he invokes, *Todd*, 731 F.3d at 736. Accordingly, for either of these reasons, Mr. Birtchman has standing to pursue his FDCPA claim against LVNV. *See Donaldson v. LVNV Funding, LLC*, --- F.Supp.3d ----, 2015 WL 1539607, *2 (S.D. Ind. 2015) (holding that a plaintiff engaged in a Chapter 13 proceeding had standing to bring an FDCPA claim against a creditor who filed a proof of claim regarding a time-barred debt).

### B. LVNV's Filing of a Truthful Proof of Claim Did Not Violate the FDCPA

#### 1. The Parties' Arguments

LVNV presents several arguments as to why Mr. Birtchman's FDCPA claim must be dismissed: (1) the fact that LVNV filed a proof of claim in Mr. Birtchman's Chapter 13 proceeding distinguishes this case from those such as *Phillips* where the Seventh Circuit held that filing a state court suit regarding a time-barred debt violated the FDCPA, [Filing No. 17 at 5-7]; (2) nothing about LVNV's proof of claim was deceptive or misleading, especially to a competent attorney, [Filing No. 17 at 7-8]; (3) filing a proof of claim does not constitute "debt collection" under the FDCPA, [Filing No. 17 at 8-10]; (4) *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004), does not support Mr. Birtchman's claims, [Filing No. 17 at 10-12]; (5) if proofs of claim could violate the FDCPA, this would undermine the primacy of the bankruptcy court's jurisdiction, [Filing No. 13 at 12-15]; (6) the Bankruptcy Code alone is sufficient to protect Mr. Birtchman from improper proofs of claim, [Filing No. 13 at 15-19]; and (7) the proof of claim was proper because the debt remained valid, even if time-barred, [Filing No. 13 at 19-21].

Mr. Birtchman responds by explaining how, in his view, filing a proof of claim on a time-barred debt violates the FDCPA. [Filing No. 15 at 7-14.] Specifically, Mr. Birtchman points out that *Phillips* established that filing a state court suit to collect a time-barred debt violates the FDCPA, and that the Eleventh Circuit in *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254 (11th Cir. 2014), relied on the reasoning in *Phillips* in holding that the filing of a proof of claim regarding a time-barred debt violated the FDCPA. [Filing No. 18 at 7-8.] Mr. Birtchman next explains why filing a proof of claim constitutes "an attempt to collect a debt" pursuant to the FDCPA. [Filing No. 18 at 8-12.] Contrary to LVNV's position, says Mr. Birtchman, *Randolph* shows that both the

FDCPA and the Bankruptcy Code can coexist, which undermines LVNV's argument that the protection of the Bankruptcy Code are alone sufficient to protect a consumer. [Filing No. 18 at 14.] Finally, Mr. Birtchman argues that LVNV's proof of claim was "false because it was clearly time-barred under Indiana's six-year statute of limitations," and LVNV "could easily comply with both the Bankruptcy Code and FDCPA by not filing false proofs of claim in consumer bankruptcies on debts that [it] know[s] are clearly past the statute of limitations." [Filing No. 18 at 14.]

LVNV replies that recent district court and bankruptcy court decisions undermine Mr. Birtchman's position. [Filing No. 19 at 3-7.] Further, LVNV contends these same decisions show that *Crawford* is an outlier and should not be followed in this case. [Filing No. 19 at 7.] Lastly, LVNV reiterates the remaining arguments it initially made in its opening brief. [Filing No. 19 at 8-11.]

    2.    *The Relevant Legal Authorities*

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e); *see Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 343 (7th Cir. 1997) ("[The FDCPA] was designed to protect against the abusive debt collection practices likely to disrupt a debtor's life."). Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The FDCPA sets forth non-exhaustive examples of conduct that violates this prohibition, such as "[t]he threat to take any action that cannot legally be taken." *Id.* § 1692e(5). Mr. Birtchman alleges that LVNV violated § 1692e(5) by filing a proof of claim in his bankruptcy proceeding. [Filing No. 1 at 4.]

"The courts have ruled that the [FDCPA] is intended for the protection of unsophisticated consumers . . . , so that in deciding whether for example a representation made in a dunning letter

is misleading the court asks whether a person of modest education and limited commercial savvy would be likely to be deceived." *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 774 (7th Cir. 2007). However, communications to a consumer's lawyer are judged by a different standard: a communication "that would be unlikely to deceive a competent lawyer . . . [is] not . . . actionable." *Id.*

The Seventh Circuit has not addressed the specific issue raised in this case, and the parties dispute the relevance of the Seventh Circuit's decisions in *Phillips* and *Randolph*. In *Phillips*, the Seventh Circuit held that the initiation of a state-court action to collect a time-barred debt violates §§ 1692e, 1692f of the FDCPA. *See* 736 F.3d at 1079. In so holding, the Seventh Circuit quoted an Alabama district court's discussion of the policy behind finding such a violation as follows:

> "As with any defendant sued on a stale claim, the passage of time not only dulls the consumer's memory of the circumstances and validity of the debt, but heightens the probability that she will no longer have personal records detailing the status of the debt. Indeed, the unfairness of such conduct is particularly clear in the consumer context where courts have imposed a heightened standard of care—that sufficient to protect the least sophisticated consumer. Because few unsophisticated consumers would be aware that a statute of limitations could be used to defend against lawsuits based on stale debts, such consumers would unwittingly acquiesce to such lawsuits. And, even if the consumer realizes that she can use time as a defense, she will more than likely still give in rather than fight the lawsuit because she must still expend energy and resources and subject herself to the embarrassment of going into court to present the defense; this is particularly true in light of the costs of attorneys today."

*Id.* (quoting *Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480, 1487 (M.D. Ala. 1987)).

The Seventh Circuit later explained its holding in *Phillips* by noting that the FDCPA "specifically prohibits the false representation of the character or legal status of any debt," *see McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014) (citing 15 U.S.C. § 1692e(2)(A)), and this prohibition is violated when a debt collector "misleads an unsophisticated

consumer to believe a time-barred debt is legally enforceable," *id.* However, the Seventh Circuit clarified that it

> did not hold that it is automatically improper for a debt collector to seek re-payment of time-barred debts; some people might consider full debt re-payment a moral obligation, even though the legal remedy for the debt has been extinguished. But, as we held in *Phillips*, . . . if the debt collector uses language in its dunning letter that would mislead an unsophisticated consumer into believing that the debt is legally enforceable, regardless of whether the letter actually threatens litigation . . . , the collector has violated the FDCPA.

*Id.*

Although the Seventh Circuit has not directly addressed the issue in the instant case, the Eleventh Circuit recently did in *Crawford*. The Eleventh Circuit, applying the unsophisticated-consumer standard, relied heavily on the Seventh Circuit's decision in *Phillips* to reason that if it violates the FDCPA to file a state-court action to collect a time-barred debt, it equally violates the FDCPA to file a proof of claim in a bankruptcy proceeding regarding a time-barred debt. *See Crawford*, 758 F.3d at 1259-61. The Eleventh Circuit reasoned that, "[s]imilar to the filing of a stale lawsuit, a debt collector's filing of a time-barred proof of claim creates the misleading impression to the debtor that the debt collector can legally enforce the debt. The 'least sophisticated' Chapter 13 debtor may be unaware that a claim is time barred and unenforceable and thus fail to object to such a claim." *Id.* at 1261. Notably, the Chief Judge of this District recently found *Crawford* persuasive in holding that "the FDCPA can apply to time-barred proofs of claim." *Patrick v. Pyod, LLC*, 39 F.Supp.3d 1032, 1036 (S.D. Ind. 2014) ("By filing a proof of claim, the creditor creates the misleading impression to the debtor that the debt collector can legally enforce the debt. The least sophisticated consumer would be unaware that such a claim is time-barred and thus unenforceable."); *see also Smith v. Asset Acceptance, LLC*, 510 B.R. 225, 226-27 (S.D. Ind. 2013) (reaching the same conclusion). However, another Judge in this District has reached the

opposite result, as have other judges in the Seventh Circuit. *See Donaldson v. LVNV Funding, LLC*, --- F.Supp.3d ----, 2015 WL 1539607 (S.D. Ind. 2015); *Robinson v. eCast Settlement Corp.*, 2015 WL 494626 (N.D. Ill. 2015); *In re LeGrone*, 525 B.R. 419 (Bankr. N.D. Ill. 2015).

       3.     *Analysis*

The Court ultimately concludes that Mr. Birtchman has failed to state a viable FDCPA claim. Although LVNV proposes several routes to reach this conclusion, the Court address only the one it finds most compelling—namely, that there is nothing deceptive or misleading about LVNV's proof of claim filed in Mr. Birtchman's Chapter 13 proceeding. The Court's analysis begins by explaining why this is so. Next, the Court discusses why *Phillips* is distinguishable from this case and thus does not mandate a contrary result.

To succeed on his FDCPA claim, Mr. Birtchman must prove that LVNV's proof of claim was "false, deceptive, or misleading," 15 U.S.C. § 1692e. But Mr. Birtchman fails to explain with any specificity what about LVNV's filing of a proof of claim was so. The Court's review of LVNV's conduct reveals that nothing about the act of filing a proof of claim or the substance of the proof of claim is misleading. First, the Bankruptcy Code itself contemplates the filing of a proof of claim. *See* 11 U.S.C. § 501(a) ("A creditor . . . may file a proof of claim."). The Bankruptcy Code implicitly recognizes that proofs of claim regarding time-barred debts may be filed by providing debtors with an affirmative defense to such claims. *See* 11 U.S.C. § 502(b)(1) (stating that a debtor can object to a claim if "such claim is unenforceable against the debtor . . . under . . . applicable law"). Thus, there is nothing inherently deceptive or misleading about LVNV's mere act of filing a proof of claim, as such an act is contemplated by the Bankruptcy Code.

As to the substance of the proof of claim, Mr. Birtchman fails to point to any particular representations on the claim that are misleading. It is difficult to see how he could unless LVNV

provided him with incorrect information, as the proof of claim is simply the standard bankruptcy claim form with several of the blanks filled in by LVNV. [*See In re Birtchman*, No. 13-06502-JMC-7, Claim 7-1 at 1-4.] In fact, on the claim form LVNV specifically provided Mr. Birtchman with, among other things, the date the debt was charged off by the original creditor, and Mr. Birtchman does not allege that any of this information was false. [*In re Birtchman*, No. 13-06502-JMC-7, Claim 7-1 at 4.] Thus, not only is the proof of claim not misleading, but it clearly states information that can be used to determine if the debt is time barred. As explained in *In re LaGrone*:

> Under Bankruptcy Rule 3001(c)(3), a claim for credit card debt . . . must list the creditor who held the debt at the time of the account holder's last transaction, the date of the last transaction, the date of the last payment, and the date the account was charged to profit or loss. As explained in the Advisory Committee Notes to the 2012 Amendments, these required disclosures were designed to "provide a basis for assessing the timeliness of the claim." [Therefore,] . . . a debtor in bankruptcy should always have the information needed to determine whether the statute of limitations for a claim has expired.

525 B.R. at 427; *see also Robinson*, 2015 WL 494626, at *3 (holding that a proof of claim regarding a time-barred debt that "truthfully represented the date of last activity, and provided all other information required by Bankruptcy Rules" did not violate the FDCPA because it "does not purport to be anything other than a claim subject to dispute in the bankruptcy case—it is not deceptive, false, or misleading"). Although LVNV failed to provide Mr. Birtchman with last payment and last transaction dates, it provided him with the charged off date, and Mr. Birtchman himself recognizes this as showing that the debt was time-barred. [Filing No. 1 at 3.] Given these facts, the proof of claim is nothing but a factual representation of the information LVNV has regarding Mr.

Birtchman's debt, and thus is not being false, deceptive, or misleading in violation of the FDCPA.[5] *See Donaldson*, 2015 WL 1539607, at * 5 ("A factual, true statement about the existence of a debt and the amount . . . is neither false nor deceptive."); *Robinson*, 2015 WL 494626, at *3 ("[A] proof of claim . . . is a neutral statement that a debt existed at a certain time and is now owned by the claimant.").

Instead of describing with specificity how the FDCPA was violated in this *case*, Mr. Birtchman asks the Court to reach a categorical conclusion that any proof of claim filed regarding a time-barred debt is inherently false or misleading. [Filing No. 18 at 14.] This, says Mr. Birtchman, is the logical extension of the Seventh Circuit's holding in *Phillips* that any state court action to collect a time-barred debt violates §§ 1692e, 1692f.[6] [Filing No. 18 at 7-8.]

---

[5] LVNV's representation that Mr. Birtchman is indebted to it is not "false" as Mr. Birtchman contends, as time-barred debts still exist, even if they are unenforceable under state law. *See Martin v. Brown*, 716 N.E.2d 1030, 1034 (Ind. App. 1999) ("[A] debt that is barred by the statute of limitations is not extinguished; it is simply unenforceable at law.") (citation and quotation marks omitted); *see also McMahon*, 744 F.3d at 1020 (noting that it is not "automatically improper for a debt collector to seek re-payment of time-barred debts[ because] some people might consider full debt re-payment a moral obligation, even though the legal remedy for the debt has been extinguished"). The Bankruptcy Code itself contemplates that a debtor may object to such unenforceable proofs of claim, 11 U.S.C. § 502(b)(1), but just as is the case in state court, this objection must be raised or the proof of claim will be "deemed allowed," 11 U.S.C. § 502(a); *see Weist v. Dawn*, 2 N.E.3d 65, 69 (Ind. App. 2014) ("[S]tatutes of limitations are affirmative defenses that must be pled and proven and can be waived."); *see also Dupuy v. McEwen*, 495 F.3d 807, 810 (7th Cir. 2007) ("[T]he statute of limitations is just another affirmative defense, which the parties can waive.").

[6] In addition to *Phillips*, Mr. Birtchman relies on *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004). But *Randolph* has little direct impact on the issue raised in this case, as *Randolph* stands for the proposition that both the Bankruptcy Code and the FDCPA can be enforced; the Bankruptcy Code and the FDCPA are "overlapping and not entirely congruent remedies systems" that can "coexist," therefore "any debt collector can comply with both simultaneously." *Randolph*, 368 F.3d at 730-31; *see Patrick*, 2014 WL 4100414, at *2 (noting that "*Randolph* recognized that the FDCPA and the Bankruptcy Code overlap in their coverage of certain activities, but that overlap does not preclude the application of either statute"). As explained by another District Court, *Randolph* does not bear on the issue presented in this case because "the question is not whether the

The first difficulty with Mr. Birtchman's position and his reliance on *Phillips* is that the Seventh Circuit has made clear after *Phillips* that they have "not h[e]ld that it is automatically improper for a debt collector to seek re-payment of time-barred debts." *McMahon*, 744 F.3d at 1020. Instead, a violation of the FDCPA exists only if a debt collector uses language "that would mislead an unsophisticated consumer into believing that the debt is legally enforceable." *Id.* As discussed above, Mr. Birtchman does not point to any particular portion of, or language in, LVNV's proof of claim that is misleading, and the Court's examination of the proof of claim reveals none.

Second, the holding in *Phillips* was driven by concerns about debt collectors filing state court collection actions against unrepresented debtors that simply do not apply in the Chapter 13 context, and especially not here given the facts presented in this case. As detailed above, the Seventh Circuit in *Phillips* concluded that filing a state court action to collect a time-barred debt violated the FDCPA for two primary reasons: (1) a consumer might not be aware that the statute of limitations is a defense, nor might they have the memory or other evidence necessary to mount such a defense; and (2) "even if the consumer realizes that she can use time as a defense, she will more than likely still give in rather than fight the lawsuit because she must still expend energy and resources and subject herself to the embarrassment of going into court to present the defense; this

---

FDCPA and the Bankruptcy Code can co-exist in a vacuum; rather, the question is whether filing a proof of claim on a prescribed debt . . . can potentially constitute a violation of the FDCPA." *B-Real, LLC v. Rogers*, 405 B.R. 428, 431-32 (M.D. La. 2009); *see also Johnson v. Midland Funding, LLC*, --- B.R. ----, 2015 WL 1345431, *6 (S.D. Ala. 2015) (concluding that *Randolph* is inapplicable to an FDCPA claim regarding a proof of claim on a time-barred debt because "[t]he plaintiff is not urging that the defendant 'comply' with both the [FDCPA] and the [Bankruptcy] Code, she is insisting that the defendant comply with the [FDCPA] by surrendering its right under the [Bankruptcy] Code to file a proof of claim on a time-barred debt"). Therefore, *Randolph* does not affect the Court's analysis of Mr. Birtchman's FDCPA claim.

is particularly true in light of the costs of attorneys today." 736 F.3d at 1079 (citation and quotation marks omitted).

      Mr. Birtchman highlights the fact that the Eleventh Circuit in *Crawford* found that the first reason set forth in *Phillips* is equally "true in the bankruptcy context." *Crawford*, 758 F.3d at 1260. But the Court disagrees with *Crawford* on this point. Unlike when an unrepresented consumer receives a state court complaint, Mr. Birtchman was represented by counsel from the outset of his Chapter 13 proceeding. [*In re Birtchman*, No. 14-05792-JMC-1, Dkt. 1 at 2.] Thus, the proof of claim should not be judged from the standpoint of an unsophiscated consumer, but of a competent lawyer. *See Evory*, 505 F.3d at 774. A competent lawyer would undoubtedly be aware of the statute of limitations defense that is common in most areas of law and permitted by the Bankruptcy Code. *See Donaldson*, 2015 WL 1539607, at *5 (holding that an FDCPA claim regarding a proof of claim as to a time-barred debt should be judged by the competent attorney standard set out in *Evory*, and that "a representation in a proof of claim on a stale debt is unlikely to deceive a competent lawyer—the debt both could be disallowed and discharged using the procedure for objecting to claims"); *see also In re LaGrone*, 525 B.R. at 427; *Robinson*, 2015 WL 494626, at *2. In fact, Mr. Birtchman's lawyer was aware of this defense because he relied on it in objecting to LVNV's proof of claim. [Filing No. 1 at 3; *In re Birtchman*, No. 13-06502-JMC-7, Dkt. 24 at 1.]

      Even if Mr. Birtchman were not represented by counsel, the trustee that is appointed in each Chapter 13 proceeding, *see* 11 U.S.C. § 1302(a), has a statutory obligation to object to improper claims, such as those that are time barred, 11 U.S.C. § 704(a)(5) ("The trustee shall . . . if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper."); *see In re CMGT, Inc.*, 458 B.R. 473, 489 (N.D. Ill. 2011) ("Under 11 U.S.C.

§ 704(a)(5), a trustee's duties include examining proofs of claim and objecting to the allowance of any claim that is improper."). Therefore, either because Mr. Birtchman was represented by counsel, or because the trustee has an obligation to object to time-barred claims on Mr. Birtchman's behalf, the concern in *Phillips* that an unrepresented consumer may be unaware of the statute of limitations defense to a collection action is not present in the Chapter 13 context. *See In re LaGrone*, 525 B.R. at 426 ("[I]n collection lawsuits, the debtors themselves must assert the statute of limitations in an answer. Debtors in bankruptcy cases, on the other hand, have the benefit of a trustee with a fiduciary duty to all parties to examine proofs of claims and object to the allowance of any claim that is improper.") (citation and quotation marks omitted).

Not only would the availability of the limitations defense become known to Mr. Birtchman through his attorney or the trustee, but, unlike in *Phillips*, there is also no concern that Mr. Birtchman would not have the evidence necessary to prove the defense applied. This is because, as stated above, the proof of claim form submitted by LVNV provided the debt's charge off date, [*In re Birtchman*, No. 13-06502-JMC-7, Claim 7-1 at 4], which Mr. Birtchman himself recognizes as showing that the debt was time-barred, [Filing No. 1 at 3]. Thus, "unlike the consumer who has only the information required in a state court complaint [at issue in *Phillips*], a debtor in bankruptcy should always have the information needed to determine whether the statute of limitations for a claim has expired." *In re LaGrone*, 525 B.R. at 427.

The second main concern expressed in *Phillips*—that a consumer will likely give in rather than expend his resources fighting the suit and subjecting himself to the embarrassment of a suit— is also inapplicable in the Chapter 13 context. First, Mr. Birtchman himself initiated the Chapter 13 proceeding. [*In re Birtchman*, No. 13-06502-JMC-7, Dkt. 1.] Thus this case presents the opposite scenario presented in *Phillips*: Mr. Birtchman subjected himself to a legal proceeding; he

was not embarrassingly haled into Court by a debt collector. Second, when sued by a debt collector in state court, a consumer debtor would almost certainly have to retain and pay a lawyer to defend him. *See In re LaGrone*, 525 B.R. at 427. But here, Mr. Birtchman was represented by counsel from the outset of, and throughout, his Chapter 13 proceeding. [*In re Birtchman*, No. 14-05792-JMC-1, Dkt. 1 at 2.] Thus, Mr. Birtchman was already incurring the expense of an attorney when LVNV filed its proof of claim, and the expense for the additional legal work required to object to that claim was minimal, as it required the filing of a straightforward one-page objection. [*See In re Birtchman*, No. 13-06502-JMC-7, Dkt. 24 at 1.] Third, as discussed above, even if Mr. Birtchman was unrepresented, the trustee has a statutory obligation to object to improper claims such as those barred by the statute of limitations. *See* 11 U.S.C. § 704(a)(5); *In re CMGT, Inc.*, 458 B.R. at 489. Therefore, an unrepresented debtor should be protected from proofs of claim regarding time-barred debt without having to pay an attorney. For these reasons, the second concern expressed in *Phillips* is inapplicable, or at least not nearly as compelling, in the Chapter 13 context. *See In re LaGrone*, 525 B.R. at 427 (distinguishing *Phillips* because it is "easier" and "less embarrassing" for a Chapter 13 debtor to object to a proof of claim than to "deal with an untimely collection lawsuit" and because "[d]ebtors in bankruptcy, by contrast [to those facing a collection lawsuit], are likely from the outset of the case to be represented by an attorney who can both advise them about the existence of a statute of limitations defense and file an objection if the trustee does not"). Because the rationale in *Phillips* simply does not apply in the bankruptcy context, there is no reason to extend its holding to this case.

In sum, under the facts presented in this case, there is nothing false, deceptive, or misleading about LVNV's filing of a proof of claim on a time-barred debt in Mr. Birtchman's Chapter 13

- 17 -

proceeding.  Mr. Birtchman's reliance on *Phillips* in support of the contrary conclusion is unpersuasive.  Accordingly, Mr. Birtchman has not stated a viable FDCPA claim.

## IV.
### CONCLUSION

For the reasons explained, LVNV's Motion to Dismiss is **GRANTED**.  [Filing No. 16.] Final Judgment will issue accordingly.

April 22, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**